UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

A.L.A. SULIEMAN, M.D.,

                             Plaintiff,

         v.

ROSWELL PARK CANCER INSTITUTE,
  also known as HRI (Health Research Inc.), and
JAMES L. MOHLER, M.D.,

                             Defendants.

**REPORT
and
RECOMMENDATION**
------------------------------
**DECISION
and
ORDER**

05-CV-0766A(F)

---

APPEARANCES:        A.L.A. SULIEMAN, *Pro Se*
                             4948 Lannoo Street
                             Detroit, Michigan 48236

                             PHILLIPS LYTLE LLP
                             Attorneys for Defendant Roswell Park
                              Cancer Institute
                             JAMES R. GRASSO, of Counsel
                             3400 HSBC Center
                             Buffalo, New York 14203

                             ANDREW M. CUOMO
                             Attorney General, State of New York
                             Attorney for Defendant Dr. Mohler
                             STEPHEN F. GAWLIK
                             Assistant Attorney General, of Counsel
                             107 Statler Towers
                             Buffalo, New York 14202

## **JURISDICTION**

      This case was referred to the undersigned by Honorable Richard J. Arcara on

December 16, 2005. The matter is presently before the court on motions to dismiss

filed on December 12, 2005 by Defendant Roswell Park Cancer Institute (Doc. No. 4),

and James L. Mohler, M.D. (Doc. No. 9).[1]

## BACKGROUND and FACTS[2]

The instant action arises from an incident in which Plaintiff A.L.A. Sulieman, M.D. ("Plaintiff" or "Dr. Sulieman"), who is both a native of Iraq[3] and a Muslim, while employed as a Clinical Fellow pursuant to a Fellowship Contract ("the Fellowship") in the Urologic Oncology Department of Defendant Roswell Park Cancer Institute ("Roswell Park"), allegedly witnessed Defendant Program Director James L. Mohler, M.D. ("Dr. Mohler"), commit malpractice while performing a surgical procedure, necessitating a second surgical procedure.  On July 7, 2004, Plaintiff commenced working in Roswell Park's Urologic Oncology Fellowship program that was to conclude in June 2005.  Plaintiff initially had a good working relationship with Dr. Mohler until September 15, 2004, when Plaintiff, while assisting Dr. Mohler in a surgical proceeding, observed the patient bleeding, although Dr. Mohler insisted on attributing the bleeding to "irrigation fluid."  Complaint, Facts Statement at 1.  Plaintiff maintains that Dr. Mohler refused to admit his error, even though the patient later went into a state of shock, requiring a second surgical procedure to stop the bleeding, and Dr. Mohler attempted to cover up the malpractice by changing operative and clinical notes in the patient's chart.

---

[1] In its motion, Defendant Roswell Park Cancer Institute also seeks to amend the caption to reflect the correct name of Roswell Park Cancer Institute.  Although such request is nondispositive, the court addresses the request in the same document as the request to dismiss the Complaint in the interest of judicial economy.

[2] The Facts statement is taken from the pleadings and motion papers filed in this action.

[3] The record does not indicate Plaintiff's country of citizenship.

*Id*. at 1-4.  According to Plaintiff, following the incident, the working relationship between Plaintiff and Dr. Mohler deteriorated, with Dr. Mohler often advising Plaintiff to return to Iraq, of which Plaintiff is a native, despite the fact that Plaintiff was married to an American, his ex-wife, and has two children, who are United States citizens by birth, living in Michigan.  Plaintiff maintains that when, on January 11, 2004, he requested permission from Dr. Mohler to travel to Michigan to attend a court hearing and to visit with his children who resided with Plaintiff's ex-wife, Dr. Mohler instructed Plaintiff to apply for unpaid vacation time.

On February 11, 2005, Dr. Mohler presented Plaintiff with a letter request that Plaintiff take an indefinite leave of absence.  When Plaintiff refused, Dr. Mohler asked Plaintiff to resign his Fellowship because Dr. Mohler no longer wanted Plaintiff to work at Roswell Park.

Immediately upon receiving the letter request, Plaintiff filed a complaint with Dr. Mohler's supervisor, Medical Director Judy Smith, M.D. ("Dr. Smith").  By letter dated March 8, 2005, Dr. Mohler and Mr. Richard Paris, Chief of Human Resources Department, informed Plaintiff that his Fellowship ended on February 17, 2005.

On April 15, 2005, Plaintiff filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC") ("EEOC Complaint"), alleging Roswell Park discriminated against Plaintiff by subjecting Plaintiff to disparate terms and conditions of employment and eventually terminating Plaintiff because of his race.  Plaintiff raised his concerns about Dr. Mohler at a mediation session with the EEOC held on May 23, 2005.  On August 1, 2005, the EEOC issued Plaintiff a Notice of Right to Sue, thereby terminating the EEOC's investigation into the matter and granting

Plaintiff the right to file a civil action regarding the administratively grieved claims.

On October 24, 2005, Plaintiff, proceeding *pro se*, commenced this employment discrimination action alleging four causes of action, including (1) violation of an unspecified "whistle blower statute" ("First Cause of Action"); (2) wrongful discharge ("Second Cause of Action"); (3) retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 *et seq*. ("Title VII") ("Third Cause of Action"); and (4) employment discrimination based on national origin and religion in violation of Title VII ("Fourth Cause of Action").  On December 12, 2005, the instant motions to seeking dismissal were filed by Roswell Park and Dr. Mohler ("Defendants").

Roswell Park's motion to dismiss (Doc. No. 4) ("Roswell Park's Motion"), is supported by the Declaration of James R. Grasso, Esq. (Doc. No. 5) ("Grasso Declaration"), the Declaration of Michael Sexton (Doc. No. 6) ("Sexton Declaration"), and a Memorandum of Law (Doc. No. 7) ("Roswell Park's Memorandum").  Dr. Mohler's motion to dismiss (Doc. No. 9) ("Dr. Mohler's Motion"), is supported by the Declaration of Assistant Attorney General Stephen Gawlik (Doc. No. 10) ("Gawlik Declaration"), and a Memorandum of Law (Doc. No. 11) ("Dr. Mohler's Memorandum").

On December 22, 2005, Plaintiff filed a Response in Opposition to Roswell Park's Motion (Doc. No. 14) ("Plaintiff's Opposition to Roswell Park's Motion"), and a Response in Opposition to Dr. Mohler's Motion (Doc. No. 16) ("Plaintiff's Opposition to Dr. Mohler's Motion").  Filed on December 30, 2005, in further support of Roswell Park's Motion is Roswell Park's Reply Memorandum (Doc. No. 17) ("Roswell Park's Reply").  Oral argument was deemed unnecessary.

Based on the following, Roswell Park's motion should be DENIED insofar as

Roswell Park seeks dismissal of Plaintiff's Third and Fourth Causes of Action for failure to exhaust administrative remedies, DENIED insofar as Roswell Park seeks to dismiss the First Cause of Action alleging a violation of an unspecified whistle blower statute, and is GRANTED insofar as Roswell Park seeks to amend the caption; Dr. Mohler's motion should be DENIED insofar as it seeks to dismiss Plaintiff's First Cause of Action alleging a violation of an unspecified whistle blower statute, DENIED insofar as Dr. Mohler argues insufficient service of process, and GRANTED as to Plaintiff's Title VII claims.

## DISCUSSION

**1.     Failure to State a Claim**

On a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court looks to the four corners of the complaint and is required to accept the plaintiff's allegations as true and to construe those allegations in the light most favorable to the plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Village Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995), *cert. denied*, 519 U.S. 808 (1996).  The court is required to read the complaint with great generosity on a motion to dismiss.  *Yoder v. Orthomolecular Nutrition Institute*, 751 F.2d 555, 558 (2d Cir. 1985).  The complaint will be dismissed only if "it appears beyond doubt" that the plaintiff can prove no set of facts which would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Goldman v. Belden*, 754 F.2d 1059, 1065 (2d Cir. 1985).

The issue on a motion to dismiss is not whether a plaintiff is likely to prevail ultimately, "but whether the claimant is entitled to offer evidence to support the claims.

Indeed, it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test." *Weisman v. LeLandais*, 532 F.2d 308, 311 (2d Cir.1976) (quoting *Scheuer*, *supra*, at 236).

Here, Roswell Park seeks dismissal of Plaintiff's Third Cause of Action for retaliation and Fourth Cause of Action insofar as it alleges religious discrimination for failure to exhaust administrative remedies. Roswell Park's Memorandum at 3-5. Dr. Mohler seeks to dismiss Plaintiff's Third and Fourth Causes of Action alleging theTitle VII claims on the basis that individuals are not proper parties to a Title VII claim. Dr. Mohler's Memorandum at 3. Both Defendants seek to dismiss Plaintiff's First Causes of Action alleging a violation of an unspecified whistle blower statute. Roswell Park's Memorandum at 5-7; Dr. Mohler's Memorandum at 3-4.

### A.     Exhaustion

Roswell Park seeks dismissal of Plaintiff's Third Cause of Action alleging retaliation, and Fourth Cause of Action insofar as it alleged religious discrimination, on the basis that Plaintiff has not availed himself of administrative remedies relative to such claims. Roswell Park's Memorandum at 3-5. In opposition to Roswell Park's Motion, Plaintiff reminds the court that Plaintiff is proceeding *pro se* and, as such, is not able to follow all applicable rules and codes in bringing this action. Plaintiff's Opposition to Roswell Park's Motion ¶ 1.

"As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and timely file a complaint with the EEOC." *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003). "This exhaustion requirement is

designed to give the administrative agency the opportunity to investigate, mediate, and take remedial action to encourage the settlement of discrimination disputes through conciliation and voluntary compliance." *Spurlock v. NYNEX*, 949 F.Supp. 1022, 1027 (W.D.N.Y. 1996). Permitting a complainant to litigate claims not previously presented to and investigated by the administrative agency would circumvent Title VII's exhaustion requirement. *Id*. Further, a Title VII litigant is required to exhaust administrative remedies in a "timely fashion." *Briones v. Runyon*, 101 F.3d 287, 289 (2d Cir. 1996). Failure to comply with the administrative exhaustion requirement will generally bar the plaintiff from later litigating such claims in court. *Brown v. General Services Admin.*, 425 U.S. 820, 832-33 (1976). This requirement also applies to unrepresented complainants. *See Butts v. City of New York Dep't of Housing Preservation & Development*, 990 F.2d 1397, 1402 (2d Cir. 1993) (observing that although complainants are often unrepresented when filing administrative claims with EEOC, courts are without jurisdiction over any Title claim that was not exhausted, or reasonably related to an exhausted claim), *superseded by statute on other grounds as stated in Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684 (2d Cir. 1998)).

      Claims not asserted before the EEOC, and which would thus be barred by the failure to timely exhaust may nevertheless by pursued in a subsequent civil action "'if they are reasonably related to those that were filed with the agency.'" *Id*. (quoting *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001)). "'A claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made.'" *Id*. at 200-01 (quoting *Fitzgerald v. Henderson*, 251 F.3d 345,

359-60 (2d Cir. 2001)). This exhaustion requirement exception "'is essentially an allowance of loose pleading' and is based on the recognition that 'EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims [she] is suffering.'" *Id*. (quoting *Butts*, 990 at 1402).

Whether claims are reasonably related is based "'on the factual allegations made in the [EEOC] charge itself, describing the discriminatory conduct about which a plaintiff is grieving.'" *Deravin*, 335 F.3d at 201 (quoting *Freeman v. Oakland Unified School District*, 291 F.3d 632, 637 (9th Cir. 2002)). A claim is considered reasonably related "if the conduct complained of 'would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Sasannejad v. University of Rochester*, 329 F.Supp.2d 385, 390 (W.D.N.Y. 2004) (quoting *Butts*, 990 F.2d at 1402)). In particular, there are three kinds of situations where claims not alleged in an EEOC charge are sufficiently related to the allegations in the charge, including: (1) claims where the conduct complained of would fall within the scope of the EEOC investigation; (2) claims alleging retaliation by an employer against an employee for filing an EEOC charge; and (3) claims where a plaintiff alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge. *Butts*, 990 F.2d at 1402-03. As such, Plaintiff's failure to exhaust administrative remedies relative to his retaliation claim is not fatal to such claim in this action.

Furthermore, this court has recently held that "[a] claim based on national origin discrimination is theoretically different from a claim based on religious or racial discrimination. Nevertheless, is certain circumstances, the two claims may be so

interrelated as to be indistinguishable." *Sasannejad v. University of Rochester*, 329 F.Supp.2d 385, 391 (W.D.N.Y. 2004) (citing cases).  At issue in *Sasannejad*, *supra*, was whether a plaintiff, who was both a native of Iran and a Muslim, and who filed an EEOC charge alleging only employment discrimination based on national origin, could be considered to have exhausted a religious discrimination claim.  *Sasannejad*, 329 F.Supp.2d at 390-91.  This court held that, given that the population of Iran is 98 % Muslim, "the line between discrimination based on Iranian national origin and the Islamic religion appears to be sufficiently blurred and the claims are reasonably related to one another." *Id*. at 391 (citing *Deravin*, 335 F.3d at 202 (observing circumstances exist where there is substantial overlap between race and national origin employment discrimination claims such that the exhaustion of one claim is sufficient to exhaust the other claim, and stating that "courts should not attempt to draw overly fine distinctions between race and national origin claims as part of the threshold exhaustion inquiry prior to the full development of a plaintiff's claims, given the potential overlap between the two forms of discrimination, and the 'loose pleading' which is permitted in the EEOC complaint"), and *Fraser v. N.Y. City Bd. of Educ.*, No. 96 Civ. 0625, 1998 WL 55170, at *4 (S.D.N.Y. Feb. 10, 1998) (assuming without deciding that claims of national origin, religion and color discrimination were reasonably related to claim of race discrimination where EEOC charge indicated that plaintiff was a 'Hebrew Israelite.'")).

In the instant case, the court takes judicial notice that 97% of the population of Iraq is Muslim.  *See* Central Intelligence Agency, The World Factbook 2007, found at: http://www.cia.gov/library/publications/the-world-factbook/geoz/iz/html (last updated June 19, 2007).  As such, "the line between discrimination based on [Iraqi] national

origin and the Islamic religion appears to be sufficiently blurred and the claims are reasonably relate to one another." *Sasannejad*, 329 F.Supp.2d at 391.  Accordingly, Plaintiff, by exhausting his national origin employment discrimination claim, also exhausted his religious discrimination claim.

Roswell Park's Motion should therefore be DENIED insofar as it seeks dismissal of Plaintiff's claims alleging retaliation and religious discrimination for failure to exhaust.

### B.     **Whistle Blower Statute**

Both Roswell Park and Dr. Mohler seek to dismiss Plaintiff's First Cause of Action alleging, in its entirety, "Whistle Blower's Statute."  Complaint ¶ 13.j.  According to Defendants, Plaintiff's claim fails to comport with Fed. R. Civ. P. 8(a)(2)'s pleading requirement because the claim neither identifies the specific statute allegedly violated, nor the factual basis for such violation.  Roswell Park's Memorandum at 5-6; Dr. Mohler's Memorandum at 3-4.  Plaintiff argues in opposition that Defendants are aware of the basis for such claim given that Plaintiff "had gone into this matter at great length at the informal Hearing in the EEOC."  Plaintiff's Opposition to Roswell Park's Motion ¶ 3.

Fed. R. Civ. P. 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which is rests.'" *Erickson v. Pardus*, __ U.S. __, 127 S.Ct. 2197, 2200 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, 127 S.Ct. 1955 (2007)).  Further, the plaintiff is required to give defendants "fair and adequate notice of his claims and the

grounds on which they rest." *Lee v. City of New York*, No. 04 CV 2740, 2005 WL 2365320, * 2 (S.D.N.Y. Sep't. 22, 2005) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). Nevertheless, the pleadings of a *pro se* plaintiff are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of complaint drafted by *pro se* plaintiff held to less stringent standards than formal pleadings drafted by attorneys). See *Erickson*, 127 S.Ct. at 2200 ("'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'") (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). *Cf.* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice.").

Although Plaintiff has failed to specify the "whistle blower statute" on which he relies, New York Labor Law § 741[4] provides protection against retaliation by a health care employer against any health care worker who

> discloses or threatens to disclose to a supervisor, or to a public body an activity, policy or practice of the employer or agent that the employee, in good faith, reasonably believes constitutes improper quality of patient care.

N.Y. Labor Law § 741.2(a).

Furthermore, a liberal reading of the Complaint shows that Plaintiff references the separate Facts statement attached as Exhibit A to the Complaint in support of his whistle blower claim based on the alleged violation of the "whistle blower's statute." The referenced Facts contain more than ample statements to advise Defendants that Plaintiff's whistle-blower claim pertains to September 15, 2004 surgical procedure incident in which Plaintiff allegedly tried, to no avail, to warn Dr. Mohler that the subject

---

[4] Unless otherwise specified, references to N.Y. Lab. Law are to McKinney 2002.

patient was bleeding and further exploration of the bleeding was necessary, that the patient subsequently needed further surgery to stop bleeding, that Dr. Mohler amended the patient's medical charts to cover the fact of his alleged malpractice, and that Plaintiff reported these facts to Dr. Mohler's supervisor and other staff.  Facts at 1-7.  These alleged facts are sufficient to advise Defendants of the claim and, as such, this aspect of Defendant's Motions should be DENIED.

### C. Title VII Claims against Individuals

Dr. Mohler seeks dismissal of the Title VII claims as alleged against him, arguing "it is well settled law that individuals are not proper parties in a Title VII claim."  Dr. Mohler's Memorandum at 3.  Plaintiff has not responded to this argument.

The Second Circuit has held that "'individuals are not subject to liability under Title VII.'"  *Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004) (quoting *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000)).  Accordingly, Dr. Mohler's Motion should be GRANTED insofar as it seeks dismissal of Plaintiff's Title VII claims.

### 2. Insufficiency of Service of Process

Fed.R.Civ.P. 12(b)(5) authorized dismissal of a complaint for improper service prior to serving an answer.  In the instant case, Dr. Mohler seeks to dismiss the action in its entirety for insufficient service of process.  Dr. Mohler's Memorandum at 2.  In opposition, Plaintiff submits proof of compliance with relevant service of process requirements.  Plaintiff's Opposition to Dr. Mohler's Motion ¶¶ 1-2 and attached Exhibits 1-3.  Dr. Mohler has not responded in further support of this argument.

>Fed. R. Civ. P. 4 provides for service upon an individual either
>
>(1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the state; or
>(2) by delivering a copy of the summons and of the complaint to the individual personally or be leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Furthermore, New York law provides for service on an individual by service at a person's actual place of business, followed by the mailing of a copy of the summons to the person's last known residence or actual place of business. N.Y. Civ. Prac. L & R § 308(2).

In the instant case, Dr. Mohler maintains that although he does not dispute that Plaintiff properly served a copy of the summons at Dr. Mohler's place of business, Defendant never mailed a copy to Dr. Mohler and, as such, service of process was improper, requiring dismissal of the Complaint. Dr. Mohler's Memorandum at 2. In opposition to Dr. Mohler's motion, Plaintiff submits a copy of a receipt for registered mail indicating that on November 9, 2005, Plaintiff mailed a copy of the Summons and Complaint to Dr. Mohler's regular place of business. Plaintiff's Opposition to Dr. Mohler's Motion ¶ 2 and attached Exh. 2. Plaintiff also submits a copy of an Affidavit of Proof of Service indicating that on December 19, 2005, Dr. Mohler was served in person by process server Salvatore Saia, and advises that the Affidavit of Service was also filed with this court (Doc. No. 19). As stated, Dr. Mohler does not contest the validity of Plaintiff's response. Personal service is sufficient pursuant to N.Y. Civ. Prac.

L & R § 308(1).

Accordingly, Plaintiff has established that service of process on Dr. Mohler was sufficient, and Dr. Mohler's request to dismiss for insufficient service of process should be DENIED.

### 3.     Amendment of Caption

Roswell Park moves to amend the caption of the Complaint to reflect Roswell Park's correct name.  Roswell Park's Memorandum at 7-8.  According to Roswell Park, Plaintiff refers to Roswell Park not only by its proper name, *e.g.*, Roswell Park Cancer Institute, but adds the phrase "a/k/a HRI (Health Research, Inc.)," even though Roswell Park does not use either "Health Research, Inc." or "HRI" to identify itself.  *Id*. at 8.  According to Roswell Park, Health Research, Inc. is a separate not-for-profit corporation organized under New York's Not-For-Profit Corporation Law, and there is no common ownership between Roswell Park and Health Research, Inc., although Health Research, Inc. does assist Roswell Park and other health-related institutions in New York with obtaining and administering external funding for research.  *Id*.  Plaintiff has not responded in opposition to this request and, as such, does not deny that the name by which Plaintiff designates on the summons and Complaint as the name of Roswell Park is not that entity's correct name.

Courts have granted motions by defendants to amend the caption of an action to reflect the defendants' proper names.  *See e.g.*, *Kroetz v. AFT-Davidson Company*, 102 F.R.D. 934, 936-38 (E.D.N.Y. 1984) (amending caption of complaint to reflect defendant's correct name), and *In re Agent Orange Product Liability Litigation*, 91

F.R.D. 618, 619 (E.D.N.Y. 1981) (granting defendant's motion to amend caption to reflect defendant's new corporate name).

Significantly, in the instant case, Roswell Park does not deny that it is the correct party in interest sued by Plaintiff; rather, Roswell Park seeks only to strike as incorrect surplusage the phrase "a/k/a HRI (Health Research, Inc.)" which Plaintiff added to the caption of the summons and complaint.  As such, granting Roswell Park's request to amend the caption will not in any way jeopardize Plaintiff's claims.

Roswell Park's Motion is GRANTED as to the request to amend the caption to reflect Roswell Park's correct name, *viz*., Roswell Park Cancer Institute.


## **CONCLUSION**

Based on the following, Roswell Park's motion (Doc. No. 4) should be DENIED insofar as Roswell Park seeks dismissal of Plaintiff's Third and Fourth Causes of Action for failure to exhaust administrative remedies; DENIED insofar as Roswell Park seeks to dismiss the First Cause of Action alleging a violation of an unspecified whistle blower statute; and is GRANTED insofar as Roswell Park seeks to amend the caption; Dr. Mohler's motion (Doc. No. 9) should be DENIED insofar as it seeks to dismiss Plaintiff's First Cause of Action alleging a violation of an unspecified whistle blower statute; DENIED insofar as Dr. Mohler argues insufficient service of process; and GRANTED as to Plaintiff's Title VII claims.

SO ORDERED, as to Defendant Roswell
Park's request to amend the caption,

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted, insofar as dismissal of
the Complaint is sought,

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:	June 27, 2007
	Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
  LESLIE G. FOSCHIO
  UNITED STATES MAGISTRATE JUDGE

DATED:   June 27, 2007
     Buffalo, New York